Judge Buckner
delivered the opinion of the Court.
Fielding Bosh filed his bill in chancery, making Jordan Bush, Quisenberry, Matthews and Turner, defendants, to be relieved against a judgment at law, recovered against him, by said Turner, as assignee of Quisenberry, for $¡147 4G. The grounds of equity relied on for relief, as exhibited in the bill, are,in substance, as follows: Francis Bush died, leaving nine children, his heirs at law, who were entitled, upon the death of the widow of said Francis, to equal portions oí some dower property, which she had in possession. Quisenberry had intermarried with one of said heirs, and Matthews with another. Each, consequently, claimed one ninth part of said property. Each of them had become entitled, by contract with the complainant, who was also one of said heirs, to one half of the share therein, which he had been the owner of. They had also purchased from Jordan Bush, another of the heirs, his claim, and had received from him, previous to his arri ving at the age of twenty-one years, an obligation in the following words: “I have this day bargained and sold unto George W. Matthews and Colby B. Quisenberry, for and in consideration of the sum of one hundred *502 dollars, to me in hand paid, all of my right, title and interest, in the estate of Francis Bush, deceased, except the interest in two negro women, Nan and Lucy, and one feather bed and furniture. Given under my hand this 23d of April, 1818.
Test. “JORDAN BUSH.”

“Fielding Bush”

Quisenberry being thus entitled to a share, in right of his wife, and to two half shares, entered into a contractwith Matthews, who had an equal interest, by which he purchased his claims, and thus became the owner of four parts in nine, o( said property. The complainant then purchased of Quisenberry, the shares aforesaid-, and as the consideration therefor, executed his note for $1100. Quisenberry transferred his interest in the property aforesaid, by a separate writing, to complainant, and procurred Matthews to do the same, as to his, except as to the share of Jordan Bush. He and Matthews holding Jordan’s bond for that, jointly assigned it to the complainant. Understanding, from declarations made by Jordan,, after he attained to full age, that he did not intend to be bound, by the bond which he had executed, while under age, he, the complainant, applied to Quisen-berry, who paid him one half of the amount of said share, by giving him a credit on said $11100 bond, which was estimated at $275. That credit and other payments, had reduced it to $ 147 46, for which a new note was executed, and the other destroyed. It had been assigned to Turner, as a trustee, to collect, for the benefit of the obligee therein.
The bill contains a prayer for a specific execution against Jordan, and if he should rely and succeed, upon the plea of infancy, for a perpetual injunction against the judgment at law, except as to that part of it, which exceeds the sum of $137 50.
Jordan answered and relied on infancy.
Turner acknowledges in his answer, the allegations of the bill, as to the purpose for which the bond was assigned to him, claiming no beneficial interest in it.
Quisenberry answers, and admits the allegations of the bill, except as to the consideration for which the $ 1100 bond was executed; as to that, he says, that he *503 sold his claims only, to the complainant, being one share and two half shares, for the sum of $550; that Matthews in like manner, sold his interest to complainant for the same price, and that Matthews having bought of him, Quisenberry, a negro, for the price of whichhe stood indebted to him, it was agreed between them, that the complainant should pay both of said sums to the defendant, Quisenberry, and in that way, executed to him said bond for $1100. As a testimony of the truth of his"statements, he exhibits copies of-the writing executed by him, to complainant, and of that executed by Mathews, both of which had been recorded in the office of the clerk of Clarke county. He insists that, at the time the contract was entered into between them, and when he and Matthews assigned the obligation on Jordan Bush, to the complainant, it was expressly agreed between all of them, that if the plea of infancy should be relied on by Jordan, he and Matthews should not be jointly liable, but that each one should be considered as responsible for his respective half thereof, only; that when he had paid or settled for his half, as pointed out, he had taken from the complainant a receipt, in the following words :
“Received one hundred and thirty-seven dollars fifty cents, of Colby B. Quisenberry, as his part of an obligation, assigned by said Quisenberry and George W. Matthews, on Jordan Bush, this September-28th, 1822. FIELDING BUSH.
“Teste. John Gier
Gier’s deposition was read on the trial, and he fully supports the statements of Quisenberry, as to the execution of said receipt,and the agreement between the complainant, Matthews, and Quisenberry, that' the two latter were to be each separately liable for their respective proportions of Jordan’s share, if he refused to comply with his obligation, when he arrived at twenty-one years of age.
Upon the hearing of the cause, the court entered up a decree, ordering the bill to be dismissed, with costs; to reverse which, the complainant, Bush, prosecutes this writ of error.
The record exhibits no difficulty, except as to matters of fact, about which, there was considerable con- *504 irariety of evidence. We are, however, of opinion, that the proof in the cause, warrants !he conclusion, that Matthews sold his interest in said dower estate, to Quisenberry, and that he sold four shares to the complainant; that between complainant and Matthew?, there was no contract, except the assignment of Jordan Bush’s bond, and the transfer of his, Matthews’s, interest in said estate, at the instance and request of Quisenberry, to whom he, Matthews, had verbally sold it.
Joint assignment, by two, with express agreement that in case of infancy successfully pleaded to the bond,each assignor to he separately liable only for one half, and assignee gives bis nolo to one of a'shmors, for whole consideration of arsi;,nmen(; if inlanoy he af-terwards successfully pleaded to the bond,arsi.;nee will be '-riii-tled to relief against one half of his note only.
Tils complainant and Quisenberry, had agreed <o malic a contract for the four shares, if the latter could purchase the interest of Matthews. He succeeded in effecting that object, and the terms upon which they concluded their proposed contract were, that Quisenberry should transfer to complainant, his interest in said estate, and should cause Matthews to do the same; and that ho and Matthews should jointly assign to him, the bond of Jordan Bush, with an express stipulation, that on said assignment, each was to be separately responsible to complainant, for one half the amount, if Jordan should be discharged from the bond, on the ground of infancy. But this latter part of tiie agreement must be ronnidered as decisive against the alleged equity relied upon by the complainant. He may, perhaps, sustain a loss, if Mat-tnews be unable to pnv what, he became responsible for. if so, it was not the result of any fraud or vio-latió i of contract, on the part of Quisenberry. No concealment is charged against him. The parties contracted with a full knowledge of all the facts, and upon a calculation as to the probability of a future event, the occurrence of which, gave rise to this suit.
Q usenberry consented to give Matthews a credit for a part of what he owed him, on the ground of his making the assignment jointly witli him, and of the complainant’s agreeing to look to Matthews for one half the amount of Jordan Bush’s bond, if infancy should be successfully relied on. Upon that understanding bo did give the credit: received the note for §1100. and Matthews became responsible to complainant, for that which he now demands oí Quhon-berry, who would probably not have been willing to sell the shares at the price agreed upon; or to have *505 •given the credit to Matthews, bnt for the stipulation referred to, relating to the assignment.
Hanson, for plaintiff; Turner, for defendant.
We are, therefore, of opinion, thal the bill of the complainant was, upon the merits of the case, properly dismissed by the decree of the Circuit Court, which decree must be affirmed.